UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                  Plaintiff,          Case No. 24-cr-20532
                                        Honorable Susan K. DeClercq

vs.

William A. Smith,

                  Defendant.

---

## Partial Consent Application
## for Entry of a Preliminary Order of Forfeiture

---

The United States applies to this Court for entry of a Preliminary Order of Forfeiture. Defendant William Smith has consented, except as to the two retirement accounts that the Government seeks to forfeit, in full. In support of this Application, the Government states the following:

## I.    Background

1.    On September 24, 2024, the United States filed an Information charging defendant William A. Smith with Count One, Wire Fraud, in violation of 18 U.S.C. § 1343 and Count Two, Laundering of Monetary Instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). (ECF No. 14).

2.    The Information contains a Forfeiture Allegation, which provides notice that upon conviction of Count One, in violation of 18 U.S.C. § 1343, the

defendant shall forfeit to the United States any property which constitutes or is derived from proceeds traceable to the offense(s), pursuant to 18 U.S.C. §981(a)(1)(C) together with 28 U.S.C. § 2461(c), including a forfeiture money judgment in an amount equal to the total amount of proceeds the defendant obtained as a result of such violation.  (ECF No. 14, PageID.56). Further, upon conviction of Count Two, in violation of 18 U.S.C. § 1956, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. §982(a)(1). (Id).

3.     On or about November 15, 2024, the defendant entered into a Rule 11 Plea Agreement and pleaded guilty to Counts One and Two of the Information. (ECF No. 22). In the factual basis for the Rule 11, the defendant agreed that beginning no later than November 2012 and continuing through May 2024, the defendant engaged in a scheme to defraud the Conservancy by systematically embezzling the Conservancy's funds and using them for his own purposes. (ECF. No. 22, PageID. 72).

4.     As part of the Rule 11, defendant agreed to forfeit to the United States any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from the defendant's violation of 18 U.S.C. § 1343 as charged in Count One of the Information; and any property, real or personal, involved in his violation of 18 U.S.C. §981(a)(1)(C) together with 28 U.S.C. §

2

2461(c). (ECF. No. 22, PageID. 86). Specifically, the defendant agreed, pursuant to Fed.R.Crim.P. 32.2, 18 U.S.C. §981(a)(1)(C) together with 28 U.S.C. § 2461(c) and 18 U.S.C. §982(a)(1), to the entry of a personal forfeiture money judgment against him in favor of the United States in the amount of at least $44,300,000.00 which represents an approximation of the total amount of proceeds the defendant obtained or derived, directly or indirectly, from his violations of 18 U.S.C. § 1343 and 1956. (ECF. No. 22, PageID. 86-87).

5.      The government now seeks entry of a Preliminary Order of Forfeiture from the Court entering a forfeiture money judgment against the defendant and in favor of the United States in the amount of Forty-Five Million Five Hundred Twelve Thousand One Hundred Fifty-Eight Dollars and Fifty-Nine Cents ($45,512,158.59) and forfeiting the following Subject Property to the United States, pursuant to 18 U.S.C. §981(a)(1)(C) together with 28 U.S.C. § 2461(c) and 18 U.S.C. §982(a)(1):

**Cash/Bank Accounts:**

a.  $104,682.19 in funds from Bank Account XXXXX9397 held in the name of Charlotte Smith and William Smith, III at JPMorgan Chase Bank, N.A. Monroe, LA (24-FBI-006702);
b.  Cashier's check in the amount of $77,827.38 remitted to United States Marshal Service by William A. Smith (25-FBI-000254);
c.  Cashier's check in the amount of $72,721.60 remitted to the United States Marshal Service by Global Escrow Solutions LLC (25-FBI-000356);
d.  All funds on deposit in Chase Bank Account 0995 (approximately $3,523.01 as of 01/30/2025);

e.  All funds on deposit in Chase Bank Account 2235 (approximately $1,477.88 as of 01/30/2025);

f.  All funds on deposit in Chase Bank Account 9324 (approximately $3,290.19 as of 01/30/2025);

g.  All funds on deposit in Chase Bank Account 5531 (approximately $1,119.08 as of 01/30/2025);

h.  All funds on deposit in Chase Bank Account 9099 (approximately $1,055.67 as of 01/30/2025);

i.  All funds on deposit in Chase Bank Account 2159 (approximately $947.99 as of 01/30/2025);

j.  All funds on deposit in Chase Bank Account 1285 (approximately $1,084.26 as of 01/30/2025);

k.  All funds on deposit in Chase Bank Account 3552 (approximately $199.21 as of 01/30/2025);

l.  All funds on deposit in Chase Bank Account 8716 (approximately $946.88 as of 01/30/2025);

m.  All funds on deposit in Chase Bank Account 2056 (approximately $908.80 as of 01/30/2025);

n.  All funds on deposit in Chase Bank Account 7183 (approximately $1,547.55 as of 01/30/2025);

o.  All funds on deposit in Chase Bank Account 9169 (approximately $127.94 as of 01/30/2025);

p.  All funds on deposit in Chase Bank Account 0106 (approximately $2,364.23 as of 01/30/2025);

q.  All funds on deposit in Chase Bank Account 2006 (approximately $0.00 as of 01/30/2025);

r.  All funds on deposit in Chase Bank Account 7813 (approximately $32,389.49 as of 01/30/2025);

s.  All Funds on deposit in the Capital Group Detroit Riverfront Conservancy 401K Account, Plan ID XXXX3824 (approximately $633,982.87 as of 10/17/2024);

t.  All Funds on deposit in the 401K Account for William Anthony Smith at Paychex, Inc. (approximately $15,000 as of 2/11/2025);

**Vehicles:**

u.  2021 Bombardier Can-Am motorcycle VIN 2BXRDDE41MV000025;

v.  2021 Bombardier Can-Am motorcycle VIN 2BXRDDE42MV000017;

w.  2020 Mercedes Sprinter van, VIN W1WV0FEY8L3745030;

x.  2019 Jeep Wrangler, VIN 1C4HJXEG7KW533798;

y. 2022 Chevrolet passenger van, VIN 1GAZGPF77N121430;

z. 2021 36' Cruisers 35 Express Yacht, and any proceeds from the sale thereof;

**Electronics:**

aa. Miscellaneous Electronics (24-FBI-008705):
1. Lenova YOGA Laptop Computer 920-13IKB, SN: PF116TJR;
2. HP Envy X360 m6 Convertible Laptop, SN: 8CG640332C;
3. MacBook Pro, Model A1286, SN: C02HH5SJDV33;
4. iPad 32GB, Model A1397, SN: DLXFPBM4DKPM;
5. iPad, Model A1454, SN: F4KK923BF19G;
6. iPad, Model A1432, SN: F4KJPF87F198;
7. MacBook Air, Model A1370, SN: C02GV5SRDJYD;
8. Lenovo YOGA 920-13IKB Laptop, Model 80Y7, SN: PF17CB6R;
9. Flip phone, SN: Unknown;
10. Cruzer Glide 8GB Flashdrive, SN: Unknown;
11. Blackberry KEY2 phone, Model BBE100-5 with plastic cover, SN: Unknown;
12. Blackberry phone, red in color, SN: Unknown;
13. Blackberry phone, SN: Unknown;
14. Barnes & Noble Nook Tablet, Model BNTV250, SN: Unknown;

**Clothing/Shoes/Accessories:**

bb. Box of Clothing (24-FBI-008706):
1. THRT, tan and cammo leather pants;
2. Black Gucci pants, size XXXL, style 698426;
3. Black Gucci jacket, red and green stripes down sleeves, size XXXL, style 696802;
4. We Are Legand, tan long sleeved shirt;
5. We Are Legand jacket, orange and black;
6. We Are Legand pants, orange and black;
7. Paper Planes pants, diamond pattern, gray, white, and black;
8. Detroit Pistons #2 shirt;
9. Detroit Pistons Basketball t-shirt;
10. Green and white striped collared shirt;
11. THRT jeans;
12. Paper Planes shirt, diamond pattern, gray, white, and black;
13. Puma, dry cell pants, black;

14. Puma, black jacket, 3XL;
15. Paper Planes knit pants, black, style 610003;
16. Paper Planes knit pants, black with white around ankles, style 610013;
17. Paper Planes solid black pants, style 600112;
18. Paper Planes solid black pants, style 600112;
19. Paper Planes solid black pants, style 600112;
20. Gray pony socks;
21. White Paper Planes socks;
22. Black Paper Planes socks;
23. Black Paper Planes knit beanie;
24. Black Paper Planes t-shirt;

cc. Miscellaneous Clothing and Accessories (24-FBI-008707):
1. Pistons Jacket;
2. Louis Vuitton Shoes, cream leather sneakers;
3. Louboutin Backpack, black and red;
4. Givenchy Shoes, black no lace sneakers;
5. Givenchy Shoes, black leather loafers, white sole, red band across top;
6. Louboutin Shoes, black short boots;
7. Louboutin Shoes;
8. Alexander McQueen Black Mens Sneakers;
9. Fendi Shoes, solid black sneakers;
10. Louboutin Shoes, black sneakers with red rippled soles;
11. Louboutin Shoes, cream and tan sneakers with white laces;
12. Louboutin Shoes, black and gray high tops;
13. Louboutin Shoes, blue high tops;
14. Louboutin Shoes, blue suede hightops;
15. Louis Vuitton Shoes, black and blue sneakers;
16. Louis Vuitton Shoes, Black leather with laces, white sole;
17. Louis Vuitton Shoes, Black and gray sneaker with laces;
18. Gucci Wallet, black with red and green stripe;
19. Gucci Hat, wicker with red and black ribbon;
20. Gucci Scarf, navy;
21. Gucci Scarf, black and gray shimmer;
22. Louis Vuitton Handbag, green with logos;
23. Gucci Shoes, white leather with red laces;
24. Fendi Handbag, light and dark brown;
25. Balenciaga handbag, gray with red and green stripe;
26. Louboutin Shoes, brown leather sandals;
27. Gucci Shoes, black sneakers with red and green stripes;

28. Gucci Wallet, gold logo with pearls;
29. Gucci Wallet, tan with Gucci small logos, red and green stripes;
30. Louis Vuitton Scarf, black and gray;
31. Louis Vuitton Wallet, tan leather;
32. Burberry Purse with cashmere scarf, camel check;
33. Gucci Shoes, black boots;
34. Gucci Shoes, white sneakers with red and green stripes;
35. Gucci Slides, pink;
36. Givenchy Shoes, black leather loafers, white sole;
37. Gucci Fanny Pack, white with red and black strap;
38. Chanel Handbag, black with chain handle;
39. Louis Vuitton Scarf, brown with tan logos;
40. Gucci Tall Boots, tan;

dd. Miscellaneous Clothing and Accessories (24-FBI-008708):
1. Calvin Klein black classic fit t-shirts;
2. Puma Clyde Post Game Runway shoes in regal blue-burnt red, size 13;
3. Pack of Calvin Klein boxers, size XL;
4. Puma jacket, regal blue-burnt red;
5. Puma pants, regal blue-burnt red;
6. Puma hat, regal blue-burnt red;
7. Legacy History Pride sweatshirt, purple and yellow trim;
8. Legacy History Pride shorts, purple and yellow trim;
9. Paper Planes pants, khaki colored;
10. White Paper Planes socks, size XL;
11. Puma Harlem shirt;

ee. Miscellaneous Shoes (24-FBI-008709):
1. Gucci sneaker, white with small logos;
2. Puma sneaker, black with white sole, laces;

ff. Miscellaneous Clothing and Accessories (24-FBI-008710):
1. Ultra light plume calf sneakers, size 13, silver "ACE" on laces;
2. Gucci handbag, red and green stripe;
3. Gucci jacket, white zip up, red and navy stripes on arms, style 693024, size XXXL;
4. Gucci Ace Sneaker, size 13;

gg. Miscellaneous Shoes (24-FBI-008711):
1. Louboutin sneakers, Triumph white/dye blue calf plain, size 13;

    2. Gucci slippers, navy with gold buckle;
    3. Gucci loafers, khaki with Gucci symbol, size 13;
    4. Gucci sneaker, white with Gucci in black and red;

hh. Miscellaneous Clothing and Accessories (24-FBI-008712):
    1. Gucci shoes, tan sneakers with logos and white laces;
    2. Gucci scarf, red and white;

ii. Twelve (12) Pairs of Designer Sunglasses (24-FBI-008713):
    1. Prada sunglasses, yellow;
    2. Prada sunglasses, blue, in box;
    3. Louis Vuitton sunglasses;
    4. Gucci sunglasses, aviators;
    5. Gucci tortoise sunglasses in case;
    6. Gucci sunglasses in burgundy case;
    7. Gucci sunglasses, black, in case;
    8. Gucci tortoise sunglasses in case;
    9. Louis Vuitton sunglass in orange box;
    10. Louis Vuitton sunglasses in case;
    11. Brown Gucci sunglasses with tortoise print in case;
    12. Gucci sunglasses in case, solid brown;

jj. Miscellaneous Purses (24-FBI-008714):
    1. MCM purse, tan box shaped with silver clasp;
    2. MCM purse, tan with gold square on front;
    3. Yves Saint Laurent purse, black leather with chain handle;

kk. Three (3) Gucci Purses (24-FBI-008716):
    1. Gucci purse, navy, white trim, white strap, rectangular shaped;
    2. Gucci purse, navy, white trim, chain strap, cylinder shaped;
    3. Gucci purse, tan with diamond logos;

ll. Two (2) Ballgowns (24-FBI-008717):
    1. Navy Chiara Boni ballgown;
    2. Navy lace Janique ballgown, style JA5013, size 16;

mm. Miscellaneous Clothing and Accessories (24-FBI-008718):
    1. Black Louis Vuitton scarf, 100% cashmere;
    2. Louis Vuitton Purse, brown with tan strap;
    3. Louis Vuitton Purse, brown with tan handle and trim;

nn. Miscellaneous Clothing and Accessories (24-FBI-008719):
1. Louis Vuitton backpack;
2. Louis Vuitton wallet;
3. Louis Vuitton checkbook holder;
4. MCM half oval purse;
5. MCM retangular purse;
6. Guccy purse, black with gold writing;
7. Chanel wallet;
8. Warby Parker Sunglassses with case;
9. Gucci sunglasses;

oo. Tiffany & Co. Wine Glasses (24-FBI-008720);

**Jewelry:**

pp. Miscellaneous Jewelry (24-FBI-008721):
1. Mom diamond necklace, Golden Gifts Jewelers box;
2. Diamond Tennis Bracelet, Golden Sun Jewelry box;
3. Tiffany & Co. cross necklace in box and bag;

qq. Miscellaneous Jewelry (24-FBI-008722):
1. Mont Blanc Watch;
2. Breitling Watch;
3. Pandora Necklace;
4. Pandora Ring;

**Miscellaneous Property/Assets:**

rr. All proceeds from the sale of Duo Lounge;
ss. All of William Smith's interests/assets related to CO2 Investments, LLC, including but not limited to a $50,000 investment held in escrow, and any dividend or payout he may be owed;

**Real Property:**

tt. Real property located at 1977 Woodbridge, Detroit, MI 48207, and being more fully described as:

The Southerly 100 feet of Lot 3, Section 8, together with that part of Lot 2, Section 8, described as: Beginning at the Southeast corner of said Lot 3 and the North line of Woodbridge Street, 50.00 feet wide; thence Easterly along the North line of said Woodbridge Street, 14.00 feet; thence Northerly to a point which is 100.00 feet North of said Woodbridge Street and 7.02 feet East of the East line of said Lot 3; thence Westerly 7.02 feet along a line which is 100.00 feet North of and parallel to the North line of said Woodbridge Street to the East line of said Lot 3; thence Southerly along said East line of Lot 3 to the Southeast corner of Lot 3 and the Point of Beginning, SUBDIVISION OF THE ST. AUBIN FARM, SOUTH OF JEFFERSON AVENUE, according to the plat thereof as recorded in Liber 1 of Plats, page 35, Wayne County Records.

COMMONLY KNOWN AS: 1977 E. Woodbridge, Detroit, MI 48207

PARCEL ID: Ward 000091/Ward 09

TITLED TO: Biltmore Development Group, LLC;

uu. Real property located at 6405 Penrod, Detroit, MI, and being more fully described as:

LOT 503, Frischkorn's Highlands No. 2, Subdivision, according to the plat thereof recorded in Liber 41, on Page 23 of Plats, Wayne Country Records

COMMONLY KNOWN AS: 6405 Penrod, Detroit, Michigan

PARCEL ID: Ward 22 Item 078261

TITLED TO: William Smith and Kimberly Smith;

vv. Real property located at 11739 Heyden, Detroit, MI 48228, and being more fully described as:

W HEYDEN N 42FT 32 MAPLES PARK SUB L53P9 PLATS, WC R 22/285 42 X 125

COMMONLY KNOWN AS: 11739 HEYDEN, DETROIT, MI 48228

PARCEL ID: 22099870

TITLED TO: YBE Property Group, LLC, William A Smith;

ww. Real property located at 12709 Cloverlawn, Detroit, MI 48238, and being more fully described as:

Lot 92, JAMES S. HOLDEN COMPANY CLOVERLAWN, as recorded in Liber 46 page 14, of Plats, Wayne County Records

COMMONLY KNOWN AS: 12709 Cloverlawn, Detroit, Michigan 48238

PARCEL ID: Ward 16, Item No. 31483

TITLED TO: William Smith and Charlotte R. Smith;

xx. Real property located at 14026 Mark Twain, Detroit, MI 48223, and being more fully described as:

Lot 263, SCHOOLCRAFT ALLOTMENT, as recorded in Liber 30, Page 23 of Plats, Wayne County Records

COMMONLY KNOWN AS: 14026 Mark Twain, Detroit, Michigan

PARCEL ID: Ward 22 Item 36655

TITLED TO: William Smith and Charlotte R. Smith;

yy. Real property located at 15455 Gilcrest, Detroit, MI, and being more fully described as:

Land in the CITY of DETROIT, WAYNE County, State of MICHIGAN, LOT 181 CRESCENT HEIGHTS SUBDIVISION, ACCORDING TO THE PLAT THEREOF RECORDED IN LIBER 35 OF PLATS, PAGE 29, WAYNE COUNTY RECORDS

COMMONLY KNOWN AS: 15455 Gilchrist St., Detroit, Michigan

Tax Item Number: Ward 22 Item 65901

TITLED TO: KIMBERLY L. SMITH;

zz. Real property located at 15791 Murray Hill, Detroit, MI 48227, and being more fully described as:

Land in the CITY of DETROIT, WAYNE County, State of MICHIGAN, LOT 378, B.E. TAYLOR'S LUANA SUBDIVISION, ACCORDING TO THE PLAT THEREOF RECORDED IN LIBER 40 0 PLAT, PAGE 51, WAYNE COUNTY RECORDS

COMMONLY KNOWN AS: 15791 Murray Hill, Detroit, MI 48227

PARCEL ID: Ward 22 / Item 60441

TITLED TO: WILLIAM SMITH AND KIMBERLY SMITH;

aaa. Real property located at 16500 Biltmore, Detroit, MI 48235, and being more fully described as:

E BILTMORE 832 BE TAYLORS RAINBOW SUB L41 P75 PLATS, WC R 22/6 37.98 X 106.6

COMMONLY KNOWN AS: 16500 BILTMORE, DETROIT, MI 48235 PARCEL ID: 22063967

TITLED TO: YBE Property Group, LLC, William A Smith;

bbb. Real property located at 16510 Biltmore, Detroit, MI 48235, and being more fully described as:

Lot No. 831 B. E. Taylors Rainbow Subdivision, (Plats) as recorded in Liber 41, Page 75, Wayne County Records

COMMONLY KNOWN AS: 16510 Biltmore, Detroit, MI 48235

PARCEL ID: Ward 22 Item No: 063968

TITLED TO: William Smith III;

ccc.  Real property located at 16511 Biltmore, Detroit, MI;

ddd.  Real property located at 16527 Biltmore, Detroit, MI;

eee.  Real property located at 16528 Biltmore, Detroit, MI;

 fff.  Real property located at 16551 Biltmore, Detroit, MI;

ggg.  Real property located at 16700 Biltmore, Detroit, MI 48235, and being more fully described as:

Lot 817, B. E. Taylor's Rainbow Subdivision, as recorded in Liber 41, Page 75 of plats Wayne County Records

COMMONLY KNOWN AS: 16700 Biltmore, Detroit, MI 48235

PARCEL ID: Ward 22 Item No: 063968

TITLED TO: William A. Smith;

hhh.  Real property located at 16717 Rutherford, Detroit, MI 48235, and being more fully described as:

LOT 71, PALMER FIELD SUBDIVISION, AS RECORDED IN LIBER 37, PAGE 7 OF PLATS, WAYNE COUNTY RECORDS

COMMONLY KNOWN AS: 16717 Rutherford, Detroit, MI 48235

PARCEL ID: Ward 22 / Item 056425

TITLED TO: WILLIAM A. SMITH;

iii.  Real property located at 17125 W. McNichols, Detroit, MI 48235, and being more fully described as:

S--W MC NICHOLS RD 156 THRU 161 FAIRFIELD SUB L47 Pll PLATS, WC R 22/7 129.72 X 100

COMMONLY KNOWN AS: 17125 W McNichols, Detroit, MI 48235

PARCEL ID: 22013061-6

TITLED TO: YBE Property Group, LLC, William A Smith;

jjj. Real property located at 17207 W. McNichols, Detroit, MI 48235, and being more fully described as:

S--W MCNICHOLS S 80 FT 2 BE TAYLORS RAINBOW SUB L41 P75 PLATS, W C R 22/6 20 X 80

COMMONLY KNOWN AS: 17207 W McNichols, Detroit, MI 48235

PARCEL ID: 22013068

TITLED TO: YBE Property Group, LLC, William A Smith;

kkk. Real property located at 18901 W. McNichols, Detroit, MI 48219, and being more fully described as:

S--W MC NICHOLS E 60 FT OF 252 THRU 250 EXC MC NICHOLS RD AS WD MYLAND SUB L33 Pl O PLATS, W C R 22/443 60 X 85.59A

COMMONLY KNOWN AS: 18901 W McNichols, Detroit MI 48219

PARCEL ID: 22013201.001

TITLED TO: YBE Property Group, LLC, William A Smith;

lll. Real property located at 18921 W. McNichols, Detroit, MI 48219, and being more fully described as:

S--W MC NICHOLS RD W 75 FT OF LOTS 252 THRU 250 EXC MC NICHOLS RD AS WE MYLAND SUB L33 Pl0 PLATS, WC R 22/445 75 X 86.91A

COMMONLY KNOWN AS: 18921 W McNichols, Detroit MI 48219

PARCEL ID: 22013201.002L

TITLED TO: YBE Property Group, LLC, William A Smith;

mmm. Real property located at 21291 Equestrian, Northville, MI, and being more fully described as:

Unit 69, Maybury Park Estates, a Condominium, according to the Master Deed recorded in Liber 32412, Pages 650 through 726, inclusive, as amended, and designated as Oakland County Condominium Plan No. 1609, together with rights in general common elements and the limited common elements as set forth in the above Master Deed and as described in Act 59 of the Public Acts of 1978, as amended.

COMMONLY KNOWN AS: 21291 Equestrian Trail, Northville, Michigan 48167

PARCEL ID: 22-32-401-077

TITLED TO: William A. Smith and Kimberly L. Smith;

nnn. Real property located at 25307 Ross Drive, Redford Twp., MI 48239, and being more fully described as:

Lots 980 and 981, including½ vacated alley at the rear therof, B.E. TAYLOR'S GOLF AND COUNTY CLUB SUBDIVISION NO. 2, according to the Plat thereof as recorded in Liber 59 of Plats, Page(s) 16, Wayne County Records

COMMONLY KNOWN AS: 25307 Ross Drive, Redford Twp., MI 48239

PARCEL ID: 79-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-000

TITLED TO: Ross Drive LLC;

ooo. Real property located at 18966 Sussex, Detroit MI 48235, and being more fully described as:

E SUSSEX 1787 BLACKSTONE PARK SUB NO 2 L49 P47 PLATS, WC R 22/237 40 X 119.50. NEZ HOMESTEAD CERT #NH2011-0226 RELATED PARCEL #27110226.

15

COMMONLY KNOWN AS: 18966 Sussex, Detroit, MI

PARCEL ID: 22046395

TITLED TO: 48235 PROPERTIES, LLC;

ppp. Real property located at 2087 Holtz Lane, Atlanta, GA 30318-9304, or proceeds from the stipulated sale thereof;

qqq. Real property located at 11914 Deepwater Ridge Way, Cypress, TX 77433;

and

rrr. Real property located at 203 James Trimm Dr, Leland, MS 38756-2211.

## II. Discussion

### a. Partial Consent

Pursuant to Local Rule 7.1, the undersigned sent the defendant's attorney, Gerald K. Evelyn, a draft of the Preliminary Order of Forfeiture (which did not include a detailed list of jewelry, electronics, or clothing/shoes) and discussed the issue by phone on February 19, 2025.  Defendant consents to most of the relief requested—including the forfeiture money judgment amount; forfeiture of his interest in the listed assets except for the retirement accounts; and listing of all assets except assets s, t, and yy as proceeds of his offenses and property involved in money laundering, and the remainder as substitute assets.  However, Defendant does not consent to the forfeiture of the two retirement accounts.

**b. Forfeiture is Mandatory.**

The applicable forfeiture statutes in this case mandate that the Court impose forfeiture as part of defendant's sentence. 28 U.S.C. § 2461(c) (stating "the court shall order the forfeiture of the property as part of the sentence") (emphasis added). The Sixth Circuit has also recognized that forfeiture is mandatory. United States v. Hampton, 732 F.3d 687, 691 (6th Cir. 2013) cert. denied, 134 S. Ct. 947, 187 L. Ed. 2d 812 (2014) (referencing the statutes use of the verb "shall" and concluding Congress intended the forfeiture provisions to be mandatory) (citing United States v. Monsanto, 491 U.S. 600, 607 (1989)). Further, the Sixth Circuit has authorized the entry of forfeiture money judgments. Hampton, 732 F.3d at 692 (joining the consensus view and holding that entry of the forfeiture money judgment was authorized even though the amount of proceeds subject to forfeiture exceeded the value of the defendant's assets at the time of sentencing).

In this case, defendant has been convicted of an offense requiring forfeiture; specifically, Wire Fraud, in violation of 18 U.S.C. § 1343 and Laundering of Monetary Instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Therefore, entry of a Preliminary Order of Forfeiture is a mandatory part of defendant's sentence. In the Information, the defendant was placed on notice that upon conviction, the United States intended to seek forfeiture of certain property, including a forfeiture money judgment. (ECF No. 14, PageID.56-57). Further, in

the Rule 11 Plea Agreement, defendant agreed to forfeiture of certain property and to a forfeiture money judgment in the amount of at least $44,300,000.00 which represents an approximation of the total amount of proceeds the defendant obtained or derived, directly or indirectly, from his violations of 18 U.S.C. § 1343 and 1956. (ECF. No. 22, PageID. 86-87).

### c. The Forfeiture Money Judgment Amount.

Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides, in relevant part, that:

> As soon as practical after … a plea of guilty … is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Rule 32.2 further provides that "[t]he court's determination may be based on evidence already in the record, including any written plea agreement . . . ." Fed. R. Crim. P. 32.2(b)(1)(B).

The forfeiture statutes at issue also make clear that forfeiture is measured by "[a]ny property, real or personal, which constitutes or is derived from proceeds . . ." 18 U.S.C. § 981(a)(1)(C). In her Rule 11, defendant agreed to forfeiture of certain property and to a forfeiture money judgment in the amount of *at least*

18

$44,300,000.00. The Rule 11 Plea Agreement states that the forfeiture money judgment represents an approximation of the total amount of proceeds the defendant obtained or derived, directly or indirectly, from his violations of 18 U.S.C. § 1343 and 1956. (ECF. No. 22, PageID. 86-87).

Here, the total forfeiture money judgment represents $40,512,158.59 in amounts defrauded from the Detroit Riverfront Conservancy, plus $5 million in fraudulently obtained lines of credit, for a total of $45,512,158.59.

### d.  Entry of the Forfeiture Order.

Rule 32.2 also provides for entry of a preliminary order of forfeiture, stating that,

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

Fed. R. Crim. P. 32.2(b)(2)(A).

Federal Rule of Criminal Procedure 32.2 also provides for entry of a preliminary order of forfeiture, as follows:

> Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

Fed. R. Crim. P. 32.2(b)(2)(B).

The defendant's sentencing is currently scheduled for March 20, 2025, making it appropriate for the Court to enter a Preliminary Order of Forfeiture at this time. Any claims by third parties to the Subject Property shall be resolved under the procedures set forth in 21 U.S.C. § 853(n), as stated in the proposed Preliminary Order of Forfeiture submitted concurrently herewith. Fed. R. Crim. P. 32.2(b)(2)(A), (c).

Because the forfeiture money judgment is not subject to ancillary proceedings, the forfeiture money judgment shall be final and effective at sentencing. The amount of Subject Property forfeited after resolution of any third-party claims shall be credited toward the forfeiture money judgment.

**The Two Retirement Accounts Should Also Be Forfeited**

Federal law provides for the forfeiture of substitute assets in several scenarios, including "if any property [otherwise subject to forfeiture] as a result of any act or omission of the defendant—(A) cannot be located upon the exercise of due diligence, [or] (B) has been transferred or sold to, or deposited with, a third party[.]" 21 U.S.C. § 853(p). Unfortunately, Defendant appears to have spent or secreted away most of the $45 million in fraud proceeds.

Despite the Government's best efforts to locate additional funds, the Government believes that it has found at least the lion's share of the Defendant's available assets as reflected in the specific assets listed above, and the Government

cannot find anywhere like enough fraud proceeds to get close to $45 million. Since the vast majority of the real property is saddled with high dollar mortgages, the Government may do well to recoup $2-3 million in equity value from all of the seized assets, in total, even after defeating any claims by third parties and selling the assets on the market.  To be sure, these efforts are active and ongoing.  But nder 21 U.S.C. 853(p), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e)(2), if proceeds or directly forfeitable property are unavailable, the court "shall order" the forfeiture of substitute assets up to the value of the unavailable assets (here, over $40 million in unavailable fraud proceeds).

In this situation, the law states that "the court shall order the forfeiture of any other property of the defendant, up to the value of [unavailable property]."  21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461.  Thus, the Government asks that the specific assets listed above—to the extent that they do not qualify as direct proceeds of Defendant's offenses—be forfeited as substitute assets, including the two retirement accounts and the Gilchrest property.

This result is not only required by law, but eminently just.  Defendant has defrauded over $45 million, triggering "mandatory" forfeitures, "measured by the amount of the proceeds received by a defendant[.]" *Hampton*, 732 F.3d at 692. Even after forfeiting all of the assets listed above, there will still be millions in fraud proceeds that Defendant has spent or hidden where the Government cannot

21

find them.  These forfeitures of known substitute assets are therefore required by law.

## III.   Conclusion and Requested Relief

Pursuant to 18 U.S.C. §981(a)(1)(C) together with 28 U.S.C. § 2461(c), 18 U.S.C. §982(a)(1), and Rule 32.2, and based upon the Information, the Rule 11, the defendant's guilty plea, this Application, and information contained in the record, the United States respectfully requests that the Court enter the proposed Preliminary Order of Forfeiture. The government will submit the proposed order to the Court via ECF utilities.

Respectfully submitted,

Julie A. Beck
Acting United States Attorney

S/K. Craig Welkener
K. Craig Welkener (DC 1033585)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov

Dated: February 20, 2025

**Certification of Service**

I hereby certify that on February 20, 2025, the foregoing document was filed with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

<div style="margin-left:40%">

S/K. Craig Welkener
K. Craig Welkener (DC 1033585)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov

</div>