UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

   Plaintiff,

vs                                       Case No. 2:24-cr-20532

WILLIAM A. SMITH,                 Hon. Susan DeClercq

   Defendant.

_____

### DEFENDANT'S RESPONSE TO THE GOVERNMENT'S PARTIAL CONSENT APPLICATION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE

NOW COMES the Defendant William Smith, by and through counsel, and for his Response to the Government's Partial Consent Application for Entry of Preliminary Order of Forfeiture ("Application"), states the following:

1.    Mr. Smith was charged, and ultimately pleaded guilty to, one count of Wire Fraud and one count of Laundering Money Instruments. ECF No. 14, Information & ECF No. 22, Rule 11 Plea Agreement.

2.    Mr. Smith's Rule 11 Plea Agreement contained provisions related to forfeiture, which the Government accurately recounts in its Application. ECF No. 24, Application, ¶ 4.

1

3. Except for the Retirement Accounts listed in Paragraphs 5s and 5t of the Application, Mr. Smith consents to the Application and the forfeiture of his own interest (or the interest of any entity he controls or owns) in the assets or property listed in the Application.

4. For purposes of clarity, however, Mr. Smith does not consent (because he lacks legal authority to do so) to the forfeiture of any asset or property in the Application in which he does not have an interest, either in whole or in part. For example, and without limitation, Mr. Smith has no interest in the assets or property listed in Paragraphs 5eee—16528 Biltmore, Detroit, Michigan. Mr. Smith understands that other individuals or entities do, or may, claim an interest in the some of the assets or properties listed in the Government's Application.

5. With respect to the Retirement Accounts listed Paragraphs 5s and 5t, those accounts should not be forfeited as the entirety of those accounts are comprised of untainted funds that are not even arguably the result of criminal conduct. Instead, the Retirement Accounts should be subject to distributions consistent with the recognized exceptions in the Preliminary Injunction entered by the Court in the companion civil case as described below.

6. In a companion civil case, *United States v. Smith*, Case No. 24-cv-11626, the Court entered a Stipulated Preliminary Injunction Extending the Asset Freeze. See ECF No. 25, Asset Freeze Order.

7. The Asset Freeze Order specifically contemplated release of frozen funds for attorneys' fees for Mr. Smith's counsel of choice in his criminal matter, particularly where the sources of funds were untainted. ECF No. 25, Page ID # 527, citing *Luis v. United States*, 578 U.S. 5, 18 (2016).

8. Typically, attorneys' fees that are requested from the Court for defense counsel in a criminal case are submitted *ex parte* and without notice to the Government.

9. Given the particular circumstances of this matter, however, Mr. Smith proposes that the Court deal with attorneys' fees by receiving sealed submissions from the Government and Mr. Smith's counsel with respect to their positions, but that ultimately the Court decide the amount of fees in an *ex parte* hearing with only Mr. Smith's counsel present. Mr. Smith recognizes that he is seeking disbursement of monies that are subject to distribution per the Court's Order, which is why he is proposing the Government should participate in this process. Nonetheless, the Government should not be privy to Mr. Smith's attorneys' bills, work product or otherwise privileged information.

10. This process should be conducted under seal, which would preserve the Government's ability to be heard on the matter, but also protect Mr. Smith's right to protect privileged information from becoming public. See e.g., *S.E.C. v. McGinn, Smith & Co., Inc., et al.*, No. 10-CV-457, (N.D. N.Y., Feb. 19, 2013), 2013 WL

637212 (granting defendant's counsel's under seal and e*x parte* applications for attorney's fees in a related criminal matter for release of funds from asset freeze order).

11. Here, Mr. Smith does not object to the Government submitting papers as to what it believes would be reasonable attorney's fees for Mr. Smith's counsel of choice in this matter, despite the reality that this process would ordinarily occur *ex parte*.

12. Ultimately, the Court should decide the amount of fees in an *ex parte* hearing with only Mr. Smith's counsel present, after having received sealed papers from the parties.

WHEREFORE, the Defendant, William Smith, respectfully requests that this Court grant the Application except for the Retirement Accounts listed in Paragraphs 5s and 5t of the Application, and that those Retirement Accounts be subject to distributions consistent with the recognized exceptions in the Preliminary Injunction entered by the Court in the companion civil case.

Respectfully submitted,

s/ Gerald K. Evelyn
Gerald K. Evelyn
Counsel for Defendant
409 East Jefferson Ave., Ste. 500
Detroit, MI  48226
(313) 962-3500
geraldevelyn@yahoo.com

Dated:  March 24, 2025

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 24, 2025, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                                                  s/Gerald K. Evelyn
                                                  Gerald K. Evelyn
                                                  Counsel for Defendant