UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                              Case No. 2:24-cr-20532

WILLIAM A. SMITH,                    Hon. Susan DeClercq

    Defendant.

_____

**DEFENDANT'S SUR-REPLY TO THE GOVERNMENT'S REPLY IN SUPPORT OF THE GOVERNMENT'S PARTIAL CONSENT APPLICATION FOR ENTRY OF A PRELIMINARY ORDER OF FORFEITURE**

    NOW COMES the Defendant William Smith, by and through counsel, and for his Sur-Reply to the Government's Reply in Support of the Government's Partial Consent Application for Entry of a Preliminary Order of Forfeiture ("Application"), states the following:

    The Government's Reply suggests a process that would have a chilling effect on Mr. Smith's Fifth and Sixth Amendment rights. Of course, and because they must, the Government recognizes these rights as weighty ones. But it seeks to undermine that by airing out in public his lawyers' work on a criminal matter. This is inconsonant with Mr. Smith's right to have counsel of his choice, and to have privileged information protected.

1

Moreover, the Government obtained an agreement to the Asset Freeze Order (see *United States v. Smith*, Case No. 24-cv-11626, ECF No. 25, Asset Freeze Order) from Mr. Smith's counsel based, at least in part, on the recognized exceptions that included the payment of attorneys' fees for Mr. Smith's counsel of choice in this matter. The Government's Partial Application and its Reply is evidence of retrenchment from that position, including that attorney's fees should not be paid to Mr. Smith's counsel under that recognized exception. Instead, the Government seeks forfeiture of the entirety of both retirement accounts while not disputing that the retirement accounts are untainted funds and as such are available to pay Mr. Smith's counsel of choice in this matter.

This process should be done under seal, and Mr. Smith has provided specific reasons for that request. Further, undersigned counsel has an affirmative obligation to protect Mr. Smith's privileged information including attorney-client work product.

In arguing otherwise, the Government relies exclusively on a civil matter in which attorneys publicly sought fees for having to file a motion. See ECF 31, Government's Reply, PageID # 248, citing *State Farm Mut. Ins. Co. v. Angelo*, No. 19-10669, 2024 WL 83286 (E.D. Mich. Jan. 8, 2024) (Edmunds, J.). *Angelo* did not involve any assertion of a constitutional rights like here, but merely involved attorneys seeking to be compensated in a civil matter for fees in connection with a

motion. Plaintiff's counsel sought to keep the rates for outside counsel under seal in connection with seeking attorney fee reimbursement as sanctions pursuant to a motion they filed. And because that request was premised only a desire to keep those rates private as to not diminish plaintiff's future bargaining power, the court denied the request to seal. Unlike here, Plaintiff's counsel did not assert that the information was privileged. As such, *Angelo* has no application to this case.

Nor does the Government take issue with the case relied upon by Mr. Smith. *S.E.C. v. McGinn, Smith & Co., Inc., et al.*, No. 10-CV-457, (N.D. N.Y., Feb. 19, 2013), 2013 WL 637212. There, counsel sought and received attorneys' fees that were distributed in connection with an asset freeze order. That process was done under seal and *ex parte*.

The same should be true here, where the Government can submit a brief indicating what it believes would be reasonable fees in this case. The Government can use the Michigan State Bar recommendations on rates, and they can provide a reasonable estimate of what it believes the reasonable time spent on this matter would be. While the Government takes much time to criticize Mr. Smith for failing to provide certain information, the Government has never been willing to provide what it thinks is a reasonable fee in this case, nor has it proposed an appropriate process for determining those fees.

Ultimately, the Court should (like the court in *McGinn*) decide the reasonable amount of fees in an *ex parte* hearing with only Mr. Smith's counsel present, after having received sealed papers from the parties.

WHEREFORE, the Defendant, William Smith, respectfully requests that this Court grant the Application except for the Retirement Accounts listed in Paragraphs 5s and 5t of the Application, and that those Retirement Accounts be subject to distributions consistent with the recognized exceptions in the Asset Freeze Order entered by the Court in the companion civil case.

                                                   Respectfully submitted,

                                                   <u>s/ Gerald K. Evelyn</u>
                                                   Gerald K. Evelyn
                                                   Counsel for Defendant
                                                   409 East Jefferson Ave., Ste. 500
                                                   Detroit, MI  48226
                                                   (313) 962-3500
                                                   geraldevelyn@yahoo.com

Dated:  April 10, 2025

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 10, 2025, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                                              s/Gerald K. Evelyn
                                              Gerald K. Evelyn
                                              Counsel for Defendant