# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

| UNITED STATES OF AMERICA | § | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| | § | |
| v. | § | |
| | § | Case Number: 0645 2:24CR20532 (1) |
| **William A. Smith** | § | USM Number: 18608-511 |
| | § | **Gerald K Evelyn; Robert Edward Higbee** |
| | § | Defendant's Attorney |

**THE DEFENDANT:**

| ☒ | pleaded guilty to count(s) | **1 and 2 of the Information** |
|---|---|---|
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18 U.S.C. § 1343, Wire Fraud | May 2024 | 1 |
| 18 U.S.C. § 1956(a)(l)(B)(i), Laundering of Monetary Instruments | September 24, 2021 | 2 |

The defendant is sentenced as provided in pages 2 through 16 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☐  Count(s) ☐ is ☐ are dismissed on the motion of the United States

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**April 24, 2025**
Date of Imposition of Judgment

s/Susan K. DeClercq
Signature of Judge

**The Honorable Susan K. DeClercq**
**United States District Judge**
Name and Title of Judge

5/1/2025
Date

DEFENDANT:       William A. Smith
CASE NUMBER:     0645 2:24CR20532 (1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

    228 months on Count 1 and 228 months on Count 2; both counts to run concurrently. The Court waives the costs of incarceration due to the defendant's lack of financial resources.

    While in custody, the defendant shall participate in the Inmate Financial Responsibility Program (IFRP). The Court is aware of the requirements of the IFRP and approves the payment schedules of this program and hereby orders the defendant's compliance.

☐    The court makes the following recommendations to the Bureau of Prisons:


☐    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant shall surrender to the United States Marshal for this district:

    ☐ at      ☐ a.m.    ☐ p.m.    on

    ☐ as notified by the United States Marshal.

☒    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on
    ☒ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


    Defendant delivered on   to

at, with a certified copy of this judgment.


                                                                                          UNITED STATES MARSHAL

                                                                                                                        By
                                                                                 DEPUTY UNITED STATES MARSHAL

DEFENDANT: William A. Smith
CASE NUMBER: 0645 2:24CR20532 (1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 years on Counts 1 and 2, to run concurrently. The Court waives the imposition of the costs of supervision, due to the defendant's lack of financial resources.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT:     William A. Smith
CASE NUMBER:   0645 2:24CR20532 (1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____      Date _____

DEFENDANT:           William A. Smith
CASE NUMBER:         0645 2:24CR20532 (1)

## SPECIAL CONDITIONS OF SUPERVISION

1. You must not use or possess alcohol in any consumable form, nor shall you be in the social company of any person whom you know to be in possession of alcohol or illegal drugs or frequent an establishment where alcohol is served for consumption on the premises, with the exception of restaurants.

2. You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

3. You must submit to substance abuse testing to determine if you have used a prohibited substance.

4. You must participate in an outpatient mental health treatment program and follow the rules and regulations of that program. The probation officer in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

5. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

6. You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

7. You must make monthly installment payments on any remaining balance of the special assessment or restitution at a rate and schedule recommended by the probation department and approved by the Court. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

DEFENDANT: William A. Smith
CASE NUMBER: 0645 2:24CR20532 (1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $200.00 | None | Waived | $48,012,158.45 |

☐ The determination of restitution is deferred until An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

The Detroit Riverfront Conservancy, Inc.       $43,012,158.45
600 Renaissance Center
Ste. #1720
Detroit, MI 48243

Citizens Bank, NA       $5,000,000.00
Attn: Robel Dereje
28 State St.
MS2400
Boston, MA 02109

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the  ☐ fine  ☒ restitution

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: William A. Smith
CASE NUMBER: 0645 2:24CR20532 (1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payments of $200.00 (special assessment) and $48,012,158.45 (restitution) due immediately.

☐ not later than _____, or

☒ in accordance ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal *(e.g., weekly, monthly, quarterly)* installments of $ over a period of *(e.g., months or years)*, to commence *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal *(e.g., weekly, monthly, quarterly)* installments of $ over a period of *(e.g., months or years)*, to commence *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
You must make monthly installment payments on any remaining balance of the special assessment or restitution at a rate and schedule recommended by the probation department and approved by the Court. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Restitution is joint and several with the following co-defendants and/or related cases, in the amount specified below:

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ Defendant shall receive credit on «dft_his_her» restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
Pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) the Court enters a personal forfeiture money judgment in the amount of $45,512,158.59 against the defendant in favor of the United States which is equal to the value of property subject to forfeiture for defendant's violations of 18 U.S.C. §§ 1347 and 1956.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DEFENDANT:           William A. Smith
CASE NUMBER:         0645 2:24CR20532 (1)

# ADDITIONAL FORFEITED PROPERTY

The following property is hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1), for disposition according to law, and any right title or interest of defendant is forever extinguished:

**Cash/Bank Accounts:**
a. $104,682.19 in funds from Bank Account XXXXX9397 held in the name of CS and William Smith, III at JPMorgan Chase Bank, N.A. Monroe, LA (24-FBI-006702);
b. Cashier's check in the amount of $77,827.38 remitted to United States Marshal Service by William A. Smith (25-FBI-000254);
c. Cashier's check in the amount of $72,721.60 remitted to the United States Marshal Service by Global Escrow Solutions LLC (25-FBI-000356);
d. All funds on deposit in Chase Bank Account 0995;
e. All funds on deposit in Chase Bank Account 2235;
f. All funds on deposit in Chase Bank Account 9324;
g. All funds on deposit in Chase Bank Account 5531;
h. All funds on deposit in Chase Bank Account 9099;
i. All funds on deposit in Chase Bank Account 2159;
j. All funds on deposit in Chase Bank Account 1285;
k. All funds on deposit in Chase Bank Account 3552;
l. All funds on deposit in Chase Bank Account 8716;
m. All funds on deposit in Chase Bank Account 2056;
n. All funds on deposit in Chase Bank Account 7183;
o. All funds on deposit in Chase Bank Account 9169;
p. All funds on deposit in Chase Bank Account 0106;
q. All funds on deposit in Chase Bank Account 2006;
r. All funds on deposit in Chase Bank Account 7813;
s. All Funds on deposit in the Capital Group Detroit Riverfront Conservancy 401K Account, Plan ID XXXX3824;*
t. All Funds on deposit in the 401K Account for William Anthony Smith at Paychex, Inc.;*

**Vehicles:**
u. 2021 Bombardier Can-Am motorcycle VIN 2BXRDDE41MV000025;
v. 2021 Bombardier Can-Am motorcycle VIN 2BXRDDE42MV000017;
w. 2020 Mercedes Sprinter van, VIN W1WV0FEY8L3745030;
x. 2019 Jeep Wrangler, VIN 1C4HJXEG7KW533798;
y. 2022 Chevrolet passenger van, VIN 1GAZGPF77N121430;
z. 2021 36' Cruisers 35 Express Yacht, and any proceeds from the sale thereof;

**Electronics:**
aa. Miscellaneous Electronics (24-FBI-008705):
1. Lenova YOGA Laptop Computer 920-13IKB, SN: PF116TJR;
2. HP Envy X360 m6 Convertible Laptop, SN: 8CG640332C;
3. MacBook Pro, Model A1286, SN: C02HH5SJDV33;
4. iPad 32GB, Model A1397, SN: DLXFPBM4DKPM;
5. iPad, Model A1454, SN: F4KK923BF19G;
6. iPad, Model A1432, SN: F4KJPF87F198;
7. MacBook Air, Model A1370, SN: C02GV5SRDJYD;
8. Lenovo YOGA 920-13IKB Laptop, Model 80Y7, SN: PF17CB6R;
9. Flip phone, SN: Unknown;
10. Cruzer Glide 8GB Flashdrive, SN: Unknown;

DEFENDANT:          William A. Smith
CASE NUMBER:        0645 2:24CR20532 (1)

11. Blackberry KEY2 phone, Model BBE100-5 with plastic cover, SN: Unknown;
12. Blackberry phone, red in color, SN: Unknown;
13. Blackberry phone, SN: Unknown;
14. Barnes & Noble Nook Tablet, Model BNTV250, SN: Unknown;

**Clothing/Shoes/Accessories:**
bb. Box of Clothing (24-FBI-008706):
1. THRT, tan and cammo leather pants;
2. Black Gucci pants, size XXXL, style 698426;
3. Black Gucci jacket, red and green stripes down sleeves, size XXXL, style 696802;
4. We Are Legend, tan long sleeved shirt;
5. We Are Legend jacket, orange and black;
6. We Are Legend pants, orange and black;
7. Paper Planes pants, diamond pattern, gray, white, and black;
8. Detroit Pistons #2 shirt;
9. Detroit Pistons Basketball t-shirt;
10. Green and white striped collared shirt;
11. THRT jeans;
12. Paper Planes shirt, diamond pattern, gray, white, and black;
13. Puma, dry cell pants, black;
14. Puma, black jacket, 3XL;
15. Paper Planes knit pants, black, style 610003;
16. Paper Planes knit pants, black with white around ankles, style 610013;
17. Paper Planes solid black pants, style 600112;
18. Paper Planes solid black pants, style 600112;
19. Paper Planes solid black pants, style 600112;
20. Gray pony socks;
21. White Paper Planes socks;
22. Black Paper Planes socks;
23. Black Paper Planes knit beanie;
24. Black Paper Planes t-shirt;

cc. Miscellaneous Clothing and Accessories (24-FBI-008707): 1. Pistons Jacket;
2. Louis Vuitton Shoes, cream leather sneakers;
3. Louboutin Backpack, black and red;
4. Givenchy Shoes, black no lace sneakers;
5. Givenchy Shoes, black leather loafers, white sole, red band across top;
6. Louboutin Shoes, black short boots;
7. Louboutin Shoes;
8. Alexander McQueen Black Mens Sneakers;
9. Fendi Shoes, solid black sneakers;
10. Louboutin Shoes, black sneakers with red rippled soles;
11. Louboutin Shoes, cream and tan sneakers with white laces;
12. Louboutin Shoes, black and gray high tops;
13. Louboutin Shoes, blue high tops;
14. Louboutin Shoes, blue suede hightops;
15. Louis Vuitton Shoes, black and blue sneakers;
16. Louis Vuitton Shoes, Black leather with laces, white sole;
17. Louis Vuitton Shoes, Black and gray sneaker with laces;

DEFENDANT:       William A. Smith
CASE NUMBER:     0645 2:24CR20532 (1)

18. Gucci Wallet, black with red and green stripe;
19. Gucci Hat, wicker with red and black ribbon;
20. Gucci Scarf, navy;
21. Gucci Scarf, black and gray shimmer;
22. Louis Vuitton Handbag, green with logos;
23. Gucci Shoes, white leather with red laces;
24. Fendi Handbag, light and dark brown;
25. Balenciaga handbag, gray with red and green stripe;
26. Louboutin Shoes, brown leather sandals;
27. Gucci Shoes, black sneakers with red and green stripes;
28. Gucci Wallet, gold logo with pearls;
29. Gucci Wallet, tan with Gucci small logos, red and green stripes;
30. Louis Vuitton Scarf, black and gray;
31. Louis Vuitton Wallet, tan leather;
32. Burberry Purse with cashmere scarf, camel check;
33. Gucci Shoes, black boots;
34. Gucci Shoes, white sneakers with red and green stripes;
35. Gucci Slides, pink;
36. Givenchy Shoes, black leather loafers, white sole;
37. Gucci Fanny Pack, white with red and black strap;
38. Chanel Handbag, black with chain handle;
39. Louis Vuitton Scarf, brown with tan logos;
40. Gucci Tall Boots, tan;

dd. Miscellaneous Clothing and Accessories (24-FBI-008708):
1. Calvin Klein black classic fit t-shirts;
2. Puma Clyde Post Game Runway shoes in regal blue-burnt red, size 13;
3. Pack of Calvin Klein boxers, size XL;
4. Puma jacket, regal blue-burnt red;
5. Puma pants, regal blue-burnt red;
6. Puma hat, regal blue-burnt red;
7. Legacy History Pride sweatshirt, purple and yellow trim;
8. Legacy History Pride shorts, purple and yellow trim;
9. Paper Planes pants, khaki colored;
10. White Paper Planes socks, size XL;
11. Puma Harlem shirt;

ee. Miscellaneous Shoes (24-FBI-008709):
1. Gucci sneaker, white with small logos;
2. Puma sneaker, black with white sole, laces;

ff. Miscellaneous Clothing and Accessories (24-FBI-008710):
1. Ultra light plume calf sneakers, size 13, silver "ACE" on laces;
2. Gucci handbag, red and green stripe;
3. Gucci jacket, white zip up, red and navy stripes on arms, style 693024, size XXXL;
4. Gucci Ace Sneaker, size 13;

gg. Miscellaneous Shoes (24-FBI-008711):
1. Louboutin sneakers, Triumph white/dye blue calf plain, size 13;

DEFENDANT:         William A. Smith
CASE NUMBER:       0645 2:24CR20532 (1)

2. Gucci slippers, navy with gold buckle;
3. Gucci loafers, khaki with Gucci symbol, size 13;
4. Gucci sneaker, white with Gucci in black and red;

hh. Miscellaneous Clothing and Accessories (24-FBI-008712):
1. Gucci shoes, tan sneakers with logos and white laces;
2. Gucci scarf, red and white;

ii. Twelve (12) Pairs of Designer Sunglasses (24-FBI-008713):
1. Prada sunglasses, yellow;
2. Prada sunglasses, blue, in box;
3. Louis Vuitton sunglasses;
4. Gucci sunglasses, aviators;
5. Gucci tortoise sunglasses in case;
6. Gucci sunglasses in burgundy case;
7. Gucci sunglasses, black, in case;
8. Gucci tortoise sunglasses in case;
9. Louis Vuitton sunglass in orange box;
10. Louis Vuitton sunglasses in case;
11. Brown Gucci sunglasses with tortoise print in case;
12. Gucci sunglasses in case, solid brown;

jj. Miscellaneous Purses (24-FBI-008714):
1. MCM purse, tan box shaped with silver clasp;
2. MCM purse, tan with gold square on front;
3. Yves Saint Laurent purse, black leather with chain handle;

kk. Three (3) Gucci Purses (24-FBI-008716):
1. Gucci purse, navy, white trim, white strap, rectangular shaped;
2. Gucci purse, navy, white trim, chain strap, cylinder shaped;
3. Gucci purse, tan with diamond logos;

ll. Two (2) Ballgowns (24-FBI-008717):
1. Navy Chiara Boni ballgown;
2. Navy lace Janique ballgown, style JA5013, size 16;

mm. Miscellaneous Clothing and Accessories (24-FBI-008718):
1. Black Louis Vuitton scarf, 100% cashmere;
2. Louis Vuitton Purse, brown with tan strap;
3. Louis Vuitton Purse, brown with tan handle and trim;

nn. Miscellaneous Clothing and Accessories (24-FBI-008719):
1. Louis Vuitton backpack;
2. Louis Vuitton wallet;
3. Louis Vuitton checkbook holder;
4. MCM half oval purse;
5. MCM retangular purse;
6. Guccy purse, black with gold writing;
7. Chanel wallet;

DEFENDANT:         William A. Smith
CASE NUMBER:       0645 2:24CR20532 (1)

8. Warby Parker Sunglassses with case;
9. Gucci sunglasses;

oo. Tiffany & Co. Wine Glasses (24-FBI-008720);

**Jewelry:**
pp. Miscellaneous Jewelry (24-FBI-008721):
1. Mom diamond necklace, Golden Gifts Jewelers box;
2. Diamond Tennis Bracelet, Golden Sun Jewelry box;
3. Tiffany & Co. cross necklace in box and bag;

qq. Miscellaneous Jewelry (24-FBI-008722):
1. Mont Blanc Watch;
2. Breitling Watch;
3. Pandora Necklace;
4. Pandora Ring;

**Miscellaneous Property/Assets:**
rr. All proceeds from the sale of Duo Lounge;
ss. All of William Smith's interests/assets related to CO2 Investments, LLC, including but not limited to a $50,000 investment held in escrow, and any dividend or payout he may be owed;

**Real Property:**
tt. Real property located at 1977 Woodbridge, Detroit, MI 48207, and being more fully described as:

The Southerly 100 feet of Lot 3, Section 8, together with that part of Lot 2, Section 8, described as: Beginning at the Southeast corner of said Lot 3 and the North line of Woodbridge Street, 50.00 feet wide; thence Easterly along the North line of said Woodbridge Street, 14.00 feet; thence Northerly to a point which is 100.00 feet North of said Woodbridge Street and 7.02 feet East of the East line of said Lot 3; thence Westerly 7 .02 feet along a line which is 100.00 feet North of and parallel to the North line of said Woodbridge Street to the East line of said Lot 3; thence Southerly along said East line of Lot 3 to the Southeast corner of Lot 3 and the Point of Beginning, SUBDIVISION OF THE ST. AUBIN FARM, SOUTH OF JEFFERSON A VENUE, according to the plat thereof as recorded in Liber 1 of Plats, page 35, Wayne County Records.

COMMONLY KNOWN AS: 1977 E. Woodbridge, Detroit, MI 48207
PARCEL ID: Ward 000091/Ward 09
TITLED TO: Biltmore Development Group, LLC;

uu. Real property located at 6405 Penrod, Detroit, MI, and being more fully described as:

LOT 503, Frischkorn's Highlands No. 2, Subdivision, according to the plat thereof recorded in Liber 41, on Page 23 of Plats, Wayne Country Records

COMMONLY KNOWN AS: 6405 Penrod, Detroit, Michigan
PARCEL ID: Ward 22 Item 078261
TITLED TO: William Smith and Kimberly Smith;

DEFENDANT:        William A. Smith
CASE NUMBER:      0645 2:24CR20532 (1)

vv. Real property located at 11739 Heyden, Detroit, MI 48228, and being more fully described as:

W HEYDEN N 42FT 32 MAPLES PARK SUB L53P9 PLATS, WC R 22/285 42 X 125

COMMONLY KNOWN AS: 11739 HEYDEN, DETROIT, MI 48228
PARCEL ID: 22099870
TITLED TO: YBE Property Group, LLC, William A Smith;

ww. Real property located at 12709 Cloverlawn, Detroit, MI 48238, and being more fully described as:

 Lot 92, JAMES S. HOLDEN COMPANY CLOVERLAWN, as recorded in Liber 46 page 14, of Plats, Wayne County Records

COMMONLY KNOWN AS: 12709 Cloverlawn, Detroit, Michigan 48238
PARCEL ID: Ward 16, Item No. 31483
TITLED TO: William Smith and Charlotte R. Smith;

xx. Real property located at 14026 Mark Twain, Detroit, MI 48223, and being more fully described as:

 Lot 263, SCHOOLCRAFT ALLOTMENT, as recorded in Liber 30, Page 23 of Plats, Wayne County Records

COMMONLY KNOWN AS: 14026 Mark Twain, Detroit, Michigan
PARCEL ID: Ward 22 Item 36655
TITLED TO: William Smith and Charlotte R. Smith;

yy. Real property located at 15455 Gilcrest, Detroit, MI, and being more fully described as:

 Land in the CITY of DETROIT, WAYNE County, State of MICHIGAN, LOT 181 CRESCENT HEIGHTS SUBDIVISION, ACCORDING TO THE PLAT THEREOF RECORDED IN LIBER 35 OF PLATS, PAGE 29, WAYNE COUNTY RECORDS

COMMONLY KNOWN AS: 15455 Gilchrist St., Detroit, Michigan
Tax Item Number: Ward 22 Item 65901
TITLED TO: KIMBERLY L. SMITH;

zz. Real property located at 15791 Murray Hill, Detroit, MI 48227, and being more fully described as:

 Land in the CITY of DETROIT, WAYNE County, State of MICHIGAN, LOT 378, B.E. TAYLOR'S LUANA SUBDIVISION, ACCORDING TO THE PLAT THEREOF RECORDED IN LIBER 40 0 PLAT, PAGE 51, WAYNE COUNTY RECORDS

COMMONLY KNOWN AS: 15791 Murray Hill, Detroit, MI 48227
PARCEL ID: Ward 22 / Item 60441
TITLED TO: WILLIAM SMITH AND KIMBERLY SMITH;

aaa. Real property located at 16500 Biltmore, Detroit, MI 48235, and being more fully described as:

 E BILTMORE 832 BE TAYLORS RAINBOW SUB L41 P75 PLATS, WC R 22/6 37.98 X 106.6

COMMONLY KNOWN AS: 16500 BILTMORE, DETROIT, MI 48235
PARCEL ID: 22063967
TITLED TO: YBE Property Group, LLC, William A Smith;

DEFENDANT:        William A. Smith
CASE NUMBER:      0645 2:24CR20532 (1)

bbb. Real property located at 16510 Biltmore, Detroit, MI 48235, and being more fully described as:

Lot No. 831 B. E. Taylors Rainbow Subdivision, (Plats) as recorded in Liber 41, Page 75, Wayne County Records

COMMONLY KNOWN AS: 16510 Biltmore, Detroit, MI 48235
PARCEL ID: Ward 22 Item No: 063968
TITLED TO: William Smith III;

ccc. Real property located at 16511 Biltmore, Detroit, MI;

ddd. Real property located at 16527 Biltmore, Detroit, MI;

eee. Real property located at 0000 Delta Pl., Lake Township MI 49642, or the proceeds thereof, and being more fully described as:

Lots 3, 4, 5, 43, 44, 45, and 46, Block 3, Stewarts Subdivision to Idlewild, Yates Township, Lake County Michigan according to the recorded plat thereof;

fff. Real property located at 16551 Biltmore, Detroit, MI;

ggg. Real property located at 16700 Biltmore, Detroit, MI 48235, and being more fully described as:

Lot 817, B. E. Taylor's Rainbow Subdivision, as recorded in Liber 41, Page 75 of plats Wayne County Records

COMMONLY KNOWN AS: 16700 Biltmore, Detroit, MI 48235
PARCEL ID: Ward 22 Item No: 063968
TITLED TO: William A. Smith;

hhh. Real property located at 16717 Rutherford, Detroit, MI 48235, and being more fully described as:

LOT 71, PALMER FIELD SUBDIVISION, AS RECORDED IN LIBER 37, PAGE 7 OF PLATS, WAYNE COUNTY RECORDS

COMMONLY KNOWN AS: 16717 Rutherford, Detroit, MI 48235
PARCEL ID: Ward 22 / Item 056425
TITLED TO: WILLIAM A. SMITH;

iii. Real property located at 17125 W. McNichols, Detroit, MI 48235, and being more fully described as:

S--W MC NICHOLS RD 156 THRU 161 FAIRFIELD SUB L47 Pll PLATS, WC R 22/7 129.72 X 100

COMMONLY KNOWN AS: 17125 W McNichols, Detroit, MI 48235
PARCEL ID: 22013061-6
TITLED TO: YBE Property Group, LLC, William A Smith;

jjj. Real property located at 17207 W. McNichols, Detroit, MI 48235, and being more fully described as:

S--W MCNICHOLS S 80 FT 2 BE TAYLORS RAINBOW SUB L41 P75 PLATS, W C R 22/6 20 X 80

COMMONLY KNOWN AS: 17207 W McNichols, Detroit, MI 48235
PARCEL ID: 22013068
TITLED TO: YBE Property Group, LLC, William A Smith;

DEFENDANT:        William A. Smith
CASE NUMBER:      0645 2:24CR20532 (1)

kkk. Real property located at 18901 W. McNichols, Detroit, MI 48219, and being more fully described as:

 S--W MC NICHOLS E 60 FT OF 252 THRU 250 EXC MC NICHOLS RD AS WD MYLAND SUB L33 Pl O PLATS, W C R 22/443 60 X 85.59A

 COMMONLY KNOWN AS: 18901 W McNichols, Detroit MI 48219
PARCEL ID: 22013201.001
TITLED TO: YBE Property Group, LLC, William A Smith;

 lll. Real property located at 18921 W. McNichols, Detroit, MI 48219, and being more fully described as:

 S--W MC NICHOLS RD W 75 FT OF LOTS 252 THRU 250 EXC MC NICHOLS RD AS WE MYLAND SUB L33 Pl0 PLATS, WC R 22/445 75 X 86.91A

 COMMONLY KNOWN AS: 18921 W McNichols, Detroit MI 48219
PARCEL ID: 22013201.002L
TITLED TO: YBE Property Group, LLC, William A Smith;

mmm. Real property located at 21291 Equestrian, Northville, MI, and being more fully described as:

Unit 69, Maybury Park Estates, a Condominium, according to the Master Deed recorded in Liber 32412, Pages 650 through 726, inclusive, as amended, and designated as Oakland County Condominium Plan No. 1609, together with rights in general common elements and the limited common elements as set forth in the above Master Deed and as described in Act 59 of the Public Acts of 1978, as amended.

COMMONLY KNOWN AS: 21291 Equestrian Trail, Northville, Michigan 48167
PARCEL ID: 22-32-401-077
TITLED TO: William A. Smith and Kimberly L. Smith;

 nnn. Real property located at 25307 Ross Drive, Redford Twp., MI 48239, and being more fully described as:

 Lots 980 and 981, including½ vacated alley at the rear therof, B.E. TAYLOR'S GOLF AND COUNTY CLUB SUBDIVISION NO. 2, according to the Plat thereof as recorded in Liber 59 of Plats, Page(s) 16, Wayne County Records

COMMONLY KNOWN AS: 25307 Ross Drive, Redford Twp., MI 48239
PARCEL ID: 79-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-000
TITLED TO: Ross Drive LLC;

ooo. Real property located at 18966 Sussex, Detroit MI 48235, and being more fully described as:

E SUSSEX 1787 BLACKSTONE PARK SUB NO 2 L49 P47 PLATS, WC R 22/237 40 X 119.50. NEZ HOMESTEAD CERT #NH2011-0226 RELATED PARCEL #27110226.

COMMONLY KNOWN AS: 18966 Sussex, Detroit, MI
PARCEL ID: 22046395
TITLED TO: 48235 PROPERTIES, LLC;

ppp. The proceeds from the stipulated sale of real property located at 2087 Holtz Lane, Atlanta, GA 30318-9304;

qqq. Real property located at 11914 Deepwater Ridge Way, Cypress, TX 77433;

rrr. Real property located at 203 James Trimm Dr, Leland, MS 38756-2211

DEFENDANT: William A. Smith  
CASE NUMBER: 0645 2:24CR20532 (1)

The Stipulated Preliminary Order of Forfeiture (ECF 32) is incorporated in the judgment by this reference.

*Precise amount to be forfeited to be finalized at a later date per Stipulated Preliminary Order of Forfeiture.