UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

William Anthony Smith,

    Defendant.

Case No. 24-cr-20532

Hon. Susan DeClerq

_____

**DEFENDANT WILLIAM SMITH'S SUPPLEMENTAL BRIEFING REGARDING ATTORNEY FEE RELATED FUNDS**

NOW COMES Defendant, William A. Smith, through his counsel, Gerald K. Evely and Robert E. Higbee, and for his Supplemental Briefing Regarding Attorney Fee Related Funds per the Court's June 17, 2025, Order Setting Briefing Schedule, states the following:

1. In Mr. Smith's Judgment of Sentence, the Court specifically reserved the decision on whether any or all of Mr. Smith's retirement accounts (listed as Assets s and t) would be distributed to Mr. Smith's counsel to pay reasonable attorneys' fees. ECF No. 36, Page ID # 406. The Stipulated Preliminary Order of Forfeiture specifically reserved this determination for a later date, despite its general forfeiture of Mr. Smith's interest in the retirement accounts.

2. Mr. Smith's counsel believes the reasonable attorneys' fees should be distributed from these retirement accounts to compensate counsel for reasonable attorneys' fees in this matter.

3. To date, the Government has failed to provide any authority to the contrary, while having specifically recognized this eventuality throughout the pendency of this matter. See, e.g., Stipulated Preliminary Injunction Extending the Asset Freeze, ECF No. 25, Page ID ## 527-528 in Case No. 24-cv-11626 and Stipulated Preliminary Order of Forfeiture, ECF No. 32, Page ID ## 265-266.

4. Indeed, the Supreme Court has specifically recognized that both tainted and untainted funds can and should be distributed to a criminal defendant's counsel of choice for reasonable attorneys' fees. Id. The Government also recognized the efficacy of those cases in the Stipulated Preliminary Injunction Extending the Asset Freeze, ECF No. 25, Page ID ## 527-528 in Case No. 24-cv-11626, and subsequently in the Stipulated Preliminary Order of Forfeiture, ECF No. 32, Page ID # 265.

5. And in situations like this where there was a civil asset freeze order and a related criminal matter, it is appropriate for those fee applications to be done *in camera* and without Government participation. See, e.g., ECF No. 33, page ID # 272, citing *SEC v. McGinn, Smith & Co., Inc., et al*, No. 10-CV-457 (N.D. N.Y., Feb. 19, 2013) 2013 WL 637212.

6. Here, there is no basis for a different sort of process, and the Court should permit the undersigned counsel to submit *ex parte* applications for reasonable attorneys' fees to be paid from the retirement accounts *in camera*.

7. Moreover, the general forfeiture of Mr. Smith's interest in the retirement accounts is not a bar to Mr. Smith's counsel seeking distribution of reasonable attorney's fees, particularly in light of the Government's acknowledgement that this determination would always follow the general forfeiture of Mr. Smith's interest in the retirement accounts.

8. Relatedly, the Gvoernment sought to garnish the retirement accounts. Those garnishments are improper and simply an attempt to circumvent the payment of reasonable attorneys' fees to undersigned counsel, who incorporate by reference any objection filed to any Writ of Garnishment in Case No. 25-mc-50623.

WHEREFORE, undersigned counsel respectfully requests that the Court allow Mr. Smith's retirement accounts to be distributed to Mr. Smith's counsel to

pay reasonable attorneys' fees through an *in camera* process whereby undersigned counsel can submit *ex parte* applications for payment.

                Respectfully submitted,

                */s/ Gerald K. Evelyn*
                GERALD K. EVELYN (P29182)
                Counsel for Defendant
                409 East Jefferson Ave., Ste. 500
                Detroit, MI 48226
                (313) 962-3500, Office
                (313) 962-9190, Fax
                geraldevelyn@yahoo.com

Dated: August 18, 2025

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 18, 2025, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

      /s/ Gerald K. Evelyn
GERALD K. EVELYN (P29182)
Counsel for Defendant
409 East Jefferson Ave., Ste. 500
Detroit, MI 48226
(313) 962-3500, Office
(313) 962-9190, Fax
geraldevelyn@yahoo.com