UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                Case No. 24-cr-20532
                                            Honorable Susan K. DeClercq

vs.

William A. Smith,

        Defendant.

**Reply in Support of Forfeiture of Retirement Accounts**

    The Retirement Accounts should be forfeited in full.  "[T]he United States' interest in receiving the full amount of the money judgment is an important interest that supersedes [Defendant's] interest in the substitute assets," including his interest in using those funds to pay counsel. *See United States v. Jian-Yun Dong*, 814 F. App'x 778, 779 (4th Cir. 2020).

    **Applicable Law**: "whether property is 'forfeitable' or subject to pretrial restraint under Congress' scheme is a nuanced inquiry that very much depends on who has the superior interest in the property at issue." *Luis v. United States*, 578 U.S. 5, 15, (2016).

    All proceeds of wire fraud are subject to direct forfeiture.  18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c).  Title in those directly-forfeitable

assets—commonly referred to as "tainted" assets—vests in the United States upon commission of the relevant criminal acts. 21 U.S.C. § 853(c). The Government may restrain and forfeit tainted, directly-forfeitable assets that a defendant wants to use to pay counsel of choice. *Caplin & Drysdale v. United States*, 491 U.S. 617, 632 (1989) (forfeiture); *United States v. Monsanto*, 491 U.S. 600, 602, 109 S. Ct. 2657, 2659 (1989) (restraint).

Substitute assets can be forfeited after the defendant's conviction. 21 U.S.C. § 853(p)(1-2) (when "as a result of any act or omission of the defendant," property subject to forfeiture "cannot be located upon the exercise of due diligence [or] has been transferred … the court shall order the forfeiture of any other property of the defendant.") (emphasis added). As the Sixth Circuit has held, "the United States does not have a ripened interest in . . . substitute property until (1) after the defendant's conviction and (2) the court determines the [tainted] property is out of the government's reach for a reason enumerated in [the statute]." *United States v. Erpenbeck*, 682 F.3d 472, 478 (6th Cir. 2012). The Sixth Amendment prevents pretrial restraint of substitute assets, "insofar as innocent (i.e., untainted) funds are needed to obtain counsel of choice[.]" *Luis v. United States*, 578 U.S. 5, 18 (2016).

But after conviction and judgment, substitute assets can be forfeited despite a defendant's desire to use those funds to pay counsel. *Jian-Yun Dong*, 814 F. App'x at 779 (4th Cir. 2020)(distinguishing *Luis*); *United States v. Scully*, 882

F.3d 549, 550 (5th Cir. 2018) (carefully analyzing *Caplin & Drysdale* and *Luis*). *United States v. Marshall*, 872 F.3d 213, 221 (4th Cir. 2017) (summarizing *Caplin & Drysdale* and *Luis*, holding that "The Supreme Court … has implicitly, if not directly, held that the Government's interest in substitute property postconviction overrides any Sixth Amendment right of a defendant to those funds.");

**Analysis:** these legal principles resolve this dispute.

When the United States froze Mr. Smith's assets via a civil case under 18 U.S.C. § 1345, it carefully crafted the asset freeze order—which would inevitably restrain tainted and substitute assets alike—to provide for the possibility that Mr. Smith might need substitute assets to pay for counsel of choice.[1]

Now, Mr. Smith is convicted. The Court has entered a forfeiture money judgment—representing all directly forfeitable assets—in the amount of $45,512,158.59. ECF 32. His judgment has been entered with a restitution judgment, which means that by operation of law, a lien attaches to *all* of his property, including the Retirement Accounts. *United States v. Scully*, 882 F.3d 549, 552 (5th Cir. 2018). And the Court entered a general forfeiture order as to the

---

[1] The Government rejects any suggestion that it ever agreed to use of these funds for attorney fees. The United States never agreed that Mr. Smith was entitled to use the Retirement Funds—or any funds, for that matter—to pay counsel. Instead, the United States has consistently made maximum recovery for the victims its first financial priority in this matter and moved forthrightly to forfeit *all* of the Retirement Funds in its original Application for a forfeiture order.

3

Retirement Accounts, reserving the question of attorney fees, and finding that "apart from that dispute, the Government has met the requirements to forfeit the Retirement Funds as substitute property in satisfaction of the forfeiture money judgment, pursuant to 18 U.S.C. § 982(a)(1), 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461, and 21 U.S.C. § 853(p)."

With this procedural history, the case law indicates that the Government interest in the Retirement Funds is superior to the Defendant's interest.

As other circuits have persuasively explained, "The Supreme Court … has implicitly, if not directly, held that the Government's interest in substitute property postconviction overrides any Sixth Amendment right of a defendant to those funds." *United States v. Marshall*, 872 F.3d 213, 221 (4th Cir. 2017) (summarizing *Caplin & Drysdale* and *Luis*). Indeed, the very logic of *Luis* and *Caplin* themselves dictate this result. As the Court explained in *Luis*, the Sixth Amendment right as applied to substitute assets prevents pretrial restraint "insofar as innocent (i.e., untainted) funds are needed to obtain counsel of choice[.]" *Luis v. United States*, 578 U.S. 5, 18 (2016). Here, Smith has already obtained the full benefit of able trial counsel (partially compensated in the amount of at least $50,000), and there is no Sixth Amendment right to use substitute assets to pay appellate counsel. Furthermore, as *Luis* points out, the tradition of common law provided for forfeiture of the defendant's assets upon *conviction* and *judgment*—as

4

here. *Luis v. United States*, 578 U.S. 5, 20 (2016).  Because Mr. Smith is (1) convicted, and (2) the court has found that the requirements of 21 U.S.C. 853(p) are satisfied, the Government has "a ripened interest in . . . substitute property." *United States v. Erpenbeck*, 682 F.3d 472, 478 (6th Cir. 2012).  There is no exception for attorney fees—Sixth Amendment or statutory—which allows Mr. Smith to escape the requirements of 21 U.S.C. § 853(p).

**Conclusion**: the Retirement Funds should be submitted in full, and the Court need not reach the question of how to brief the amount of attorney fees.  A Second Amended Preliminary Order of Forfeiture can be entered to that effect, leaving in place the prior forfeiture provisions of ECF 32 and 49.

While simultaneously briefing both forfeiture and restitution, the United States respectfully notes for the Court its preference that the Retirement Funds be forfeited to reduce Smith's forfeiture money judgment which will concurrently make said funds eligible for victim restoration.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

*S/K. Craig Welkener*
K. Craig Welkener (DC 1033585)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov

Dated: September 3, 2025