UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

WILLIAM A. SMITH,

     Defendant.

_____/

Case No: 2:24-cr-20532

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING THE GOVERNMENT'S MOTION FOR ORDER TO DEPOSIT FUNDS (ECF No. 66), DIRECTING THE GOVERNMENT TO PROVIDE NOTICE, AND DIRECTING THE CLERK OF COURT TO ACCEPT AND DEPOSIT FUNDS INTO REGISTRY OF COURT**

On June 4, 2026, Plaintiff the United States of America ("the Government") filed a complaint and secured a warrant to arrest Defendant William A. Smith on allegations of wire fraud and money laundering. ECF No. 1. On June 22, 2024, this Court issued a temporary restraining order in a separate civil action to prevent anyone from transferring or disposing of Defendant William A. Smith's assets up to a total value of $39.3 million dollars. *United States v. Smith*, No. 2:24-cr-11626 (hereafter "*Smith Civil Case*"), ECF No. 3. The Parties stipulated several times thereafter to extend the temporary restraining order. *See id.*, ECF Nos. 10; 11; 21; 24. On January 28, 2025, the Parties stipulated to extend the asset freeze by way of entering a preliminary injunction. *See id.*, ECF No. 25.

On September 24, 2024, the Government brought formal charges against Smith, including forfeiture allegations. ECF No. 14. Then on November 15, 2024, Smith pleaded guilty to one count of wire fraud and one count of money laundering through a Rule 11 plea agreement. ECF No. 22. Under the plea agreement, Smith agreed to restitution and forfeiture money judgments. *Id.*

On April7, 2025, this Court entered a stipulated preliminary order of forfeiture outlining his forfeited assets and a money judgment totaling $45,512,158.59 against Smith in favor of the United States. ECF No. 32. Then on May 1, 2025, this Court entered judgment against Smith, including the stipulated preliminary order of forfeiture and money judgment. ECF No. 36. On the forfeited assets list in the judgment—and subsequent First Amendment to Preliminary Order of Forfeiture, ECF No. 49—are several rental properties ("the Rentals"):

1) 6405 Penrod, Detroit, MI;
2) 18966 Sussex, Detroit, MI;
3) 15455 Gilchrist St., Detroit, MI;
4) 11739 Heyden St., Detroit, MI;
5) 16500 Biltmore, Detroit, MI;
6) 16511 Biltmore, Detroit, MI;
7) 16700 Biltmore, Detroit, MI;
8) 16717 Rutherford, Detroit, MI;
9) 15791 Murray Hill, Detroit, MI;

ECF No. 36 at PageID.402–05; *see also* ECF No. 66 at PageID.659.

On July 22, 2026, the Government filed a motion seeking an order authorizing the Clerk of the Court to accept and deposit funds into the registry of the court

pertaining to the Rentals. ECF No. 66. Specifically, the Government states that to its knowledge, "several of the Rentals remain occupied or otherwise active, and the tenant(s)/user(s) are aware the Rentals have been forfeited by [Smith] to the United States. Notice was provided on January 6, 2026." *Id.* at PageID.656. Therefore, the Government seeks to have "any and all funds from tenant(s) and/or other user(s) of the forfeited Rentals" accepted by the Clerk and deposited "into an interest-bearing account, deducting any fee authorized by the Judicial Conference of the United States" until this Court issues a subsequent distribution order. *Id.*

Under Civil Rule 67, "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." FED. R. CIV. P. 67(a). These deposited funds "must be deposited in an interest-bearing account." FED. R. CIV. P. 67(b); *see also generally* 21 U.S.C. § 853(e)(4) (authorizing district courts to order forfeited property to be deposited "in the registry of court . . . in an interest-bearing account" pending trial). "Ultimately, the decision whether to allow a Rule 67 deposit lies within the discretion of the district court." *Gillison v. State Farm Fire & Cas. Co.*, No. 12-15620, 2015 WL 3868690, at *3 (E.D. Mich. June 23, 2015). If allowed, "[t]he Clerk of Court shall accept [the funds] for deposit in an interest-bearing account," and the Clerk shall be directed by a proposed order with

- 5 -

information about the amount to be invested and deducted by any Judicial Conference fees. E.D. Mich. LR 67.1(a). Procedurally, the Clerk shall then review the proposed order and approve it before submitting it to the judge to sign, after which "the movant shall personally serve a copy of the order on the Clerk or his designee who shall deposit the funds as soon as the business of the Clerk's Office allows." *Id.*

Here, the Government has secured a money judgment against Smith, which included the Rentals as part of his forfeited assets. *See* ECF No. 36. Given this and the fact that there continue to be tenants or users of the Rentals, the Government has properly sought an order to have funds pertaining to the Rentals deposited in the registry of the court. *See* FED. R. CIV. P. 57(a). Thus, upon review of this motion and being otherwise fully apprised in the premises of this matter, this Court finds that depositing the funds related to the Rentals is appropriate and will exercise its discretion to grant the motion. *See Gillison*, 2015 WL 3868690, at *3; *see also* FED. R. CIV. P. 67.

Accordingly, it is **ORDERED** that the Government's Motion for Order to Deposit Funds into the Registry of the Court, ECF No. 66, is **GRANTED**.

It is further **ORDERED** that:

1. Within 10 days of entry of this Order, the Government **SHALL CERTIFY** providing direct, written notice to all tenant(s),

occupant(s), and/or interested parties of the Rental Properties at the following locations:

1) 6405 Penrod, Detroit, MI;
2) 18966 Sussex, Detroit, MI;
3) 15455 Gilchrist St., Detroit, MI;
4) 11739 Heyden St., Detroit, MI;
5) 16500 Biltmore, Detroit, MI;
6) 16511 Biltmore, Detroit, MI;
7) 16700 Biltmore, Detroit, MI;
8) 16717 Rutherford, Detroit, MI;
9) 15791 Murray Hill, Detroit, MI;

that any and all payments related to the Rentals must be forwarded to the Clerk of the Court with payment instructions by First Class U.S. mail; and the Government **SHALL COMPLY** with the procedural requirements in Local Rule 67.1;

2. The Clerk of the Court **SHALL ACCEPT** funds tendered by tenant(s), occupant(s), and/or interested parties of the Rentals identified above, and **DEPOSIT** the funds into the Court Registry, in an interest-bearing account, deducting any fee authorized by the Judicial Conference of the United States; and

3. The funds **SHALL ONLY BE DISBURSED** in accordance with the terms of a Court Order to be entered subsequently in this case.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 3, 2026

- 5 -