UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.

WILLIAM A. SMITH,

      Defendant,

and

KIMBERLY SMITH, and

OLD NATIONAL BANK,

      Interested Party/Petitioner(s).

_____/

Case No.: 24-CR-20532
(related to 25-MC-50559)


Hon. Susan K. DeClercq
United States District Judge

**ORDER GRANTING APPLICATION FOR SALE OF FORFEITED REAL PROPERTY (ECF No. 70) AND ORDERING INTERLOCUTORY SALE OF REAL PROPERTY LOCATED AT 21291 EQUESTRIAN TRAIL, NORTHVILLE, MI**

On May 5, 2025, this Court entered judgment against Defendant William A. Smith, which included an order of forfeiture. ECF No. 36. In that forfeiture judgment, Smith forfeited his rights to real property located at 21291 Equestrian Trail in Northville, Oakland County, Michigan, with all appurtenances, improvements and attachments thereon. *Id.* at PageID.405. Specifically, the property is described as follows:

Land in the City of Novi, County of Oakland, State of Michigan, described as follows:

Unit 69, Maybury Park Estates, a Condominium, according to the Master Deed recorded in Liber 32412, Pages 650 through 726, inclusive, as amended, and designated as Oakland County Condominium Plan No. 1609, together with rights in general common elements and the limited common elements as set forth in the above Master Deed and as described in Act 59 of the Public Acts of 1978, as amended.

PIN No: 22-32-401-077

(hereinafter referred to as the "Subject Property"). *Id.*

Now Plaintiff-Respondent the United States of America ("the Government") seeks an order for an interlocutory sale of the Subject Property. ECF No. 70. The Government seeks the sale because the Subject Property is a depreciating asset currently subject to accruing and compounding expenses that that are decreasing the remaining value of the Subject Property. *Id.* at PageID.672. Specifically, the Government argues that an interlocutory sale is necessary to preserve the remaining value of the Subject Property because it has been, and is, currently subject to the non-payment of real estate taxes, mortgage payments, homeowner association fees, and related property maintenance, and waiting will only decrease the equity of the Subject Property. *Id.*

Accordingly, based upon the United States' Unopposed Application for Order for Interlocutory Sale of Order as to Real Property Located at **21291 Equestrian**

**Trail, Northville, MI,** ECF No. 70, and for good cause shown, it is **ORDERED** that:

1. The United States' Application Motion for Order for Interlocutory Sale of Order as to Real Property Located at 21291 Equestrian Trail, Northville, MI, ECF No. 70, is **GRANTED**;

2. The Oakland County Treasurer **SHALL REFRAIN** from any forfeiture or foreclosure activities against the Subject Property in favor of the United States' forfeiture proceedings. *See* 21 U.S.C. § 853(k);

3. The Subject Property **SHALL BE SOLD pursuant to the following terms** to avoid further depreciation and the accrual of additional expenses, interest, and penalty fees:

   a) The United States Marshals Service ("USMS") shall, without further order of the Court, market, sell, and dispose of the Subject Property using the policies, procedures, and methods it uses for the sale of forfeited assets.

   b) The USMS shall pay from, and up to the limit of, the gross proceeds of sale, the following expenses in the order stated:

      1. First, to the payment of all expenses incurred in the seizure, custody, maintenance, security, and preparation of the Subject Property for sale;

2. Second, to the payment of all expenses incurred by the USMS in the sale of the Subject Property. For real property such expenses, in the discretion of the USMS, may include commissions, transfer taxes, recording fees, title insurance, surveys, and similar expenses of closing along with marketing expenses and disposal fees;

3. Third, to the payment of any real property taxes assessed against the Subject Property, including interest, penalty fees, and any amounts necessary to redeem the Subject Property from foreclosure or tax sale;

4. Fourth, to the payment of any expenses customarily paid by the seller in the sale of assets of that type (e.g. for real property: utilities, etc.); and

5. Fifth, to the payment of any liens attached to and secured by the Subject Property in the order of priority as identified by the title report except any lien(s) or claim(s) of: 1) Kimberly Smith; and 2) Old National Bank, by and through its servicer, JPMorgan Chase

Bank, NA, which shall be remain contested in the related ancillary proceeding, *United States v. Smith*, 25-MC-50559.

c) The balance of the gross proceeds of sale plus any cash assets associated with, or derived from, the Subject Property (*e.g.* rent or forfeited earnest money deposits), after deducting the expenses from Paragraph 2 shall be the "Net Proceeds"/Substitute *Res* and shall be held by the USMS in the Department of Justice Seized Asset Deposit Fund, an interest-bearing account. The Net Proceeds from the Subject Property shall be Substitute *Res* for the Subject Property and, if the Subject Property is found to have been forfeitable, the Substitute *Res* shall be forfeited in lieu of the Subject Property. Should the Subject Property be found not to be forfeitable, the Net Proceeds will be distributed as ordered by the Court.

d) Any and all claims to, arising from, or secured by, the Subject Property shall, after the sale of the Subject Property, be applied to, and payable, if at all, solely from, the Substitute *Res.*

e) Accordingly, the purchaser or purchasers of any of the Subject Property shall take clear title free of any liens, including any lien(s) from: 1) Kimberly Smith; and 2) Old National Bank, by and through

its servicer, JPMorgan Chase Bank, NA, or claims which may have formerly been applicable to, payable from, or secured by the Subject Property except that the purchaser's interest shall be subject to any easements, restrictions, and leases of record.

f) The USMS, without further order of the Court, is authorized to execute documents, transfer title, and to otherwise effect the transfer of all right, title, and interest to the Subject Property to any purchaser thereof.

g) In furtherance of the interlocutory sale of the Subject Property, the parties (the United States, the Oakland County Treasurer, Kimberly Smith, and Old National Bank, by and through its servicer, JPMorgan Chase Bank, NA) shall execute promptly any and all documents which may be required to complete the interlocutory sale of the Subject Property.

h) If, in the sole opinion of the USMS, the sale of the Subject Property will not raise sufficient gross proceeds to pay the amounts identified in Paragraph 2, it may abandon sale of the Subject Property and shall notify the Court of its determination.

i)  The United States may record the Interlocutory Sale Order in the land records, indexed against the Real Property and the owner of record, and it may be relied upon by the public and title companies.

j)  An accounting of the proceeds attributable to the Subject Property shall be maintained by the USMS or its delegate and a copy provided to all parties.

k)  The government and Petitioners to the Subject Property shall file a Joint Status Report within 35 days of the Subject Property's closing identifying any remaining issues concerning the Subject Property and/or Substitute *Res*.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 13, 2026