UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

Case No. 24-cr-20532
Honorable Susan K. DeClercq

vs.

William A. Smith,

Defendant.

---

**Unopposed Application for Entry of Order for Interlocutory Sale of Real Property Located at 11914 Deepwater Ridge Way, Cypress, TX**

---

Plaintiff, the United States, by and through the undersigned counsel, respectfully applies to the Court, pursuant to the terms set forth herein, for entry of an Order for Interlocutory Sale of Real Property Located at 11914 Deepwater Ridge Way, Cypress, TX (25-FBI-003004) and described as:

> Lot Fifty-Four (54), Block One (1) of TOWNE LAKE SEC 61, an addition in Harris County, Texas, according to the map or plat thereof recorded in Film Code No. 693604 of the Map Records of Harris County, Texas
>
> COMMONLY KNOWN AS: 11914 Deepwater Ridge Way, Cypress, TX 77433
>
> TAX ID: 1420160010054
>
> TITLED TO: William A. Smith

(referred to herein as "Subject Property"). **All claimants of the property have**

**consented.**

## I. Procedural History

1. On September 24, 2024, an Information was filed against the defendant William A. Smith ("defendant"). (ECF No. 14).

2. The Indictment contained Criminal Forfeiture Allegations providing notice to the defendant as follows:

   a. Upon conviction of the offenses charged in Count 1, in violation of Title 18, United States Code, Section 1343, defendant shall forfeit to the United States any property which constitutes or is derived from proceeds traceable to the offense(s), pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461.
   b. Upon conviction of the offense charged in Count 2, in violation of Title 18, United States Code, Section 1956, defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. The Subject Property is currently in custody of the USMS for the Southern District of Texas.

4. The defendant is the named title owner of the Subject Property, subject to a Deed of Trust assigned to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of OBX 2024-NQM13 Trust, and a lien filed by the Towne Lake Community Association, Inc.

5. As of May 1, 2025, the defendant's interest in the Subject Property was forfeited to the United States for disposition in accordance with law. ECF 32

(Stipulated Preliminary Order of Forfeiture); ECF 36 (Judgment); ECF 49 (First Amendment to Preliminary Order of Forfeiture) (all listing the Subject Property).

6. In accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, notice of the forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least thirty (30) consecutive days, beginning August 22, 2025, and ending on September 20, 2025.

7. On or about September 15, 2025, November 6, 2025, November 7, 2025, February 2, 2026, and April 14, 2026, the United States also provided notice of forfeiture to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in an ancillary proceeding. ECF No. 53, 55, 56, 57, 61.

8. Interested third parties, if any, must petition the Court, within thirty (30) days of notice or of their receipt of notice, for a hearing to adjudicate the validity of their alleged interest in the property.

9. On or about October 14, 2025, Kimberly Smith filed a Petition claiming numerous forfeited assets, including the Subject Property. Case No. 25-mc-50559, ECF No. 5, Kimberly Smith Petition for Ancillary Proceeding. Discovery is ongoing in that case.

10. On or about December 10, 2025, Select Portfolio Servicing, Inc. and Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as

Owner Trustee of OBX 2024-NQM13 Trust (collectively SPS and Trustee) filed a Third-Party Petition Asserting Interest in Forfeited Property asserting an interest in the Subject Property.

11. On or about September 16, 2026, Nailah Ellis filed a petition of Third-Party Claimant with the U.S. District Court Clerk's office in Detroit.

**II. Statutory Authority**

12. Supplemental Rule G(7)(b) provides that a court may order the interlocutory sale of all or part of the property subject to a pending asset forfeiture action if certain conditions are met. Among other things, the sale may be ordered if the property is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; or the court "finds other good cause". The sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person that the court designates. Rule G(7)(b)(ii). If the sale is uncontested, the parties may agree to the procedures and conditions of the sale. Rule G(7)(b)(iii).

13. 21 U.S.C. § 853(e)(1) provides that, "upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of [the] property…for forfeiture….".

14. 21 U.S.C. § 853(e) authorizes the Court to take any action to preserve the availability of property for forfeiture. Given the depreciating nature of the Subject Property, the Court should take action to preserve the value of the property for forfeiture pending the conclusion of the defendant's criminal matter.

15. The Subject Property is a depreciating asset that will continue to lose value if not sold. The value of the Subject Property can only be preserved by liquidating and holding the net proceeds in an interest-bearing account maintained by the government. Rule G(7)(b)(iv). Further, the interlocutory sale will allow the Government to avoid liability should any accident occur on the property.

**III. Judicial Sales Procedure**

16. The government hereby requests the Subject Property be sold by the USMS for the Southern District of Texas ("USMS"), under the following terms to avoid further depreciation:

a. The Subject Property will be sold using the same policies, procedures, and methods used in the sale of forfeited real property;

b. The USMS may, in its sole discretion, reject any offer to purchase the Subject Property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture;

c. The purchase price of the Subject Property will be a cash price, which may be financed by a mortgage or other financing;

d. The net proceeds of the sale of the Subject Property will be deposited in the Department of Justice Seized Asset Deposit Fund and substituted as the Subject Property in this action pending a final judgment in this case (the "substitute res"); and

e. The net proceeds from the sale of the Subject Property will include all money realized from the sale of the Subject Property, including any forfeited earnest money deposits, less the following:

i. First, to the payment of all expenses incurred in the seizure, custody, maintenance, security, and preparation of the Subject Property for sale;

ii. Second, to the payment of all expenses incurred by the USMS in the sale of the Subject Property. For real property such expenses, in the discretion of the USMS, may include commissions, transfer taxes, recording fees, title insurance, surveys, and similar expenses of closing along with marketing expenses and disposal fees;

iii. Third, to the payment of any real property taxes assessed against the Subject Property;

iv. Fourth, to the payment of any amounts necessary to redeem the Subject Property from foreclosure or tax sale;

v. Fifth, to the payment of any expenses customarily paid by the seller in the sale of assets of real property (*e.g.* utilities, etc.); and

vi. Sixth, to the payment of any liens attached to and secured by the Subject Property in the order of priority, specifically to include the Deed of Trust recorded on May 23, 2024 as file number RP-2024-

187533 in the Harris County Clerk's Office in the State of Texas, which was assigned to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of OBX 2024-NQM13 Trust via an Assignment of Mortgaged recorded on January 30, 2025 as file number RP-2025-33574 in the Harris County Clerk's Office in the State of Texas, and the lien of the Towne Lake Community Association, Inc., claimed by a Notice of Lien Assessment recorded on February 5, 2026 as file number RP-2026-43159.

Accordingly, all claims to, arising from, or secured by the property attach after sale solely to the Substitute Res.

The purchaser or purchasers of the Subject Property shall take clear title free of liens, subject only to easements, restrictions, and leases of record.

The USMS is authorized, without further order of the Court, to execute documents, transfer title to the purchaser, and to otherwise effect the transfer of all right, title, and interest to the Subject Property to the purchaser thereof.

The United States may record the Consent Order for Interlocutory Sale in the land records, indexed against the Subject Property and owner of record, and it may be relied upon by the public and title companies

**IV. Consent of Relevant Parties:** Pursuant to Local Rule 7.1, government counsel sent an email with a copy of this proposed relief to counsel for each of the above-listed claimants: Kimberly Smith, SPS and Trustee, and Nailah Ellis (pro se), soliciting their position and input on the interlocutory sale

order. Government counsel also sought concurrence from counsel for the applicable HOA, the Towne Lake Community Association, Inc. All counsel have agreed to interlocutory sale, some obtained changes to the applicable terms, and none have voiced any objection to the final terms listed above and in the interlocutory sale order submitted herewith.

## V. Conclusion

For the reasons stated above, the government respectfully requests entry of an Order for Interlocutory Sale of Real Property Located at 11914 Deepwater Ridge Way, Cypress, TX under the terms and conditions outlined within this motion, to avoid further depreciation. The Government will submit the proposed Order for Interlocutory Sale of Real Property Located at 11914 Deepwater Ridge Way, Cypress, TX to the Court via ECF utilities.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

S/K. Craig Welkener
K. Craig Welkener (DC 1033585)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov

Dated: September 18, 2026

**Certificate of Service**

I hereby certify that on September 18, 2026, the foregoing document was electronically filed using the ECF system which will send notification of such filing to all ECF participants.

S/K. Craig Welkener
K. Craig Welkener (DC 1033585)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov