UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 24-cr-20532

v.

Honorable Susan K. DeClercq
United States District Judge

WILLIAM A. SMITH,

Defendant.
________________________________/

**CONSENT ORDER FOR INTERLOCUTORY SALE OF REAL PROPERTY**

This matter having come before this Court on the United States of America's unopposed application for entry of an Order for Interlocutory Sale of Real Property Located at 11914 Deepwater Ridge Way, Cypress, TX, and this Court being otherwise fully advised, it is hereby **ORDERED** that following Subject Property be sold in order to avoid further depreciation: Real Property Located at 11914 Deepwater Ridge Way, Cypress, TX (25-FBI-003004) and described as:

> Lot Fifty-Four (54), Block One (1) of TOWNE LAKE SEC 61, an addition in Harris County, Texas, according to the map or plat thereof recorded in Film Code No. 693604 of the Map Records of Harris County, Texas
>
> COMMONLY KNOWN AS: 11914 Deepwater Ridge Way, Cypress, TX 77433
>
> TAX ID: 1420160010054

TITLED TO: William A. Smith.

It is further **ORDERED** that the Subject Property shall be sold under the following terms:

a. The Subject Property will be sold using the same policies, procedures, and methods used in the sale of forfeited real property;

b. The USMS may, in its sole discretion, reject any offer to purchase the Subject Property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture;

c. The purchase price of the Subject Property will be a cash price, which may be financed by a mortgage or other financing;

d. The net proceeds of the sale of the Subject Property will be deposited in the Department of Justice Seized Asset Deposit Fund and substituted as the Subject Property in this action pending a final judgment in this case (the "substitute res"); and

e. The net proceeds from the sale of the Subject Property will include all money realized from the sale of the Subject Property, including any forfeited earnest money deposits, less the following:

i. First, to the payment of all expenses incurred in the seizure, custody, maintenance, security, and preparation of the Subject Property for sale;

ii. Second, to the payment of all expenses incurred by the USMS in the sale of the Subject Property. For real property such expenses, in the discretion of the USMS, may include commissions, transfer taxes, recording fees, title insurance, surveys, and similar expenses of closing along with marketing expenses and disposal fees;

iii. Third, to the payment of any real property taxes assessed against the Subject Property;

iv. Fourth, to the payment of any amounts necessary to redeem the Subject Property from foreclosure or tax sale;

v. Fifth, to the payment of any expenses customarily paid by the seller in the sale of assets of real property (*e.g.* utilities, etc.); and

vi. Sixth, to the payment of any liens attached to and secured by the Subject Property in the order of priority, specifically to include the Deed of Trust recorded on May 23, 2024 as file number RP-2024-187533 in the Harris County Clerk's Office in the State of Texas, which was assigned to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of OBX 2024-NQM13 Trust via an Assignment of Mortgaged recorded on January 30, 2025 as file number RP-2025-33574 in the Harris County Clerk's Office in the State of Texas, and the lien of the Towne Lake Community Association, Inc., claimed by a Notice of Lien Assessment recorded on February 5, 2026 as file number RP-2026-43159.

Accordingly, all claims to, arising from, or secured by the property attach after sale solely to the Substitute Res.

The purchaser or purchasers of the Subject Property shall take clear title free of liens, subject only to easements, restrictions, and leases of record.

The USMS is authorized, without further order of the Court, to execute documents, transfer title to the purchaser, and to otherwise effect the transfer of all right, title, and interest to the Subject Property to the purchaser thereof.

The Government may record the Consent Order for Interlocutory Sale in the land records, indexed against the Subject Property and owner of record, and it may be relied upon by the public and title companies.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 7, 2026